UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WOODROW PRESSEY, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Civil Case No. 8:25-cv-1018-MSS-NHA
Crim. Case No. 8:17-cr-435-MSS-NHA

**O R D E R**

Woodrow Pressey, Jr., a federal prisoner, files a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) and challenges his enhanced sentence as an armed career criminal. (Civ. Doc. 1) Because a claim challenging a sentence is not cognizable in a Section 2241 petition, the Court generously construes the *pro se* filing as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. *See Amodeo v. FCC Coleman—Low Warden*, 984 F.3d 992, 998–1000 (11th Cir. 2021) ("[A] federal prisoner who seeks to collaterally attack his conviction or sentence must file a 28 U.S.C. § 2255 motion to vacate instead of a § 2241 habeas corpus petition.").

**I.    Background**

In 2018, Pressley was sentenced to 180 months' imprisonment after a jury convicted him of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. 76) Pressey's conviction and sentence were affirmed on direct appeal. (Crim. Doc. 94)

In 2020, Pressey filed his first Section 2255 motion, challenging the judgment entered against him in the criminal action. (Crim. Doc. 99 and *Pressey v. United States*, 8:20-cv-1939-MSS-TGW) He claimed that counsel rendered constitutionally ineffective assistance and that the Court erred by sentencing him as an armed career criminal. The Court denied Pressey's Section 2255 motion as meritless, and the Eleventh Circuit denied Pressey's motion for a certificate of appealability from that order.

In 2022, Pressey filed a second Section 2255 motion and again challenged the same criminal judgment. (Crim. Doc. 112 and *Pressey v. United States*, 8:22-cv-0008-MSS-TGW) The Court dismissed Pressey's motion as an unauthorized second or successive Section 2255 motion, and the Eleventh Circuit dismissed Pressey's appeal from that order.

**II.   Discussion**

Pressey now files his third Section 2255 motion. (Civ. Doc. 1) Citing *Erlinger v. United States*, 602 U.S. 821 (2024)[1], and *United States v. Barner*, 2024 WL 4839062 (11th Cir. Nov. 20, 2024)[2], Pressley argues that his sentence should be vacated because he was sentenced under the Armed Career Criminal Act "for actions he did not plea[d guilty] to and were not proven before a jury beyond a reasonable doubt." (Civ. Doc. 1 at 1)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the

---

[1] *Erlinger* holds that the question of whether ACCA predicate offenses occurred on separate occasions is a question of fact that must be determined by a unanimous jury beyond a reasonable doubt. 602 U.S. at 834–35.

[2] In *Barner*, a panel of the Eleventh Circuit granted the defendant's motion for summary reversal on direct appeal after concluding that the district court committed an *Erlinger* error by sentencing the defendant under the ACCA when the defendant did not admit that his predicate offenses occurred on separate occasions and the matter was not decided by a jury beyond a reasonable doubt. 2024 WL 4839062, at *2.

motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief [.]" Pressey's motion is barred as an unauthorized second or successive motion to vacate, set aside, or correct sentence.

After a criminal judgment is entered, "28 U.S.C. § 2255 allows [a defendant] one—and generally, only one—opportunity for a collateral attack. Before filing a 'second or successive' habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). This rule "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 55 8 (1998).

Pressey's present motion is an unauthorized second or successive motion under Section 2255. Because Pressey lacks authorization from the Eleventh Circuit to file the motion, the Court is without jurisdiction to consider the motion. *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction"). To file a second or successive Section 2255 motion, Pressey must first obtain authorization from the Eleventh Circuit. *United States v. Handlon*, 97 F.4th 829, 834 n.2 (11th Cir. 2024) ("If Handlon—having already filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255—wants to attempt to file a second or successive § 2255 motion, then he must first obtain authorization from the Court of Appeals.") (quotation omitted)). The Eleventh Circuit must certify that the second or successive Section 2255 motion contains "(1) newly discovered evidence . . . or (2) a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[3] 28 U.S.C. § 2255(h).

### III. Conclusion

Pressey's construed Section 2255 motion is **DISMISSED** (Civ. Doc. 1) as an unauthorized second or successive motion. Because the Court lacks jurisdiction to consider the motion, the Court cannot issue a certificate of appealability. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Tampa, Florida, this 21st day of May, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court has not made *Erlinger* retroactive to cases on collateral review, and only the Supreme Court has the authority to do this.